UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| ALICIA D. FIER, | ) | |
| | ) | 11 CV 8705 |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Magistrate Judge Young B. Kim |
| | ) | |
| MICHAEL J. ASTRUE, | ) | |
| Commissioner of Social Security, | ) | |
| | ) | June 21, 2012 |
| Defendant. | ) | |

**MEMORANDUM OPINION and ORDER**

Plaintiff Alicia D. Fier filed a complaint pursuant to 42 U.S.C. § 405(g) seeking judicial review of a final decision of the Commissioner of Social Security ("Commissioner") denying her applications for disability insurance benefits and supplemental security income under the Social Security Act ("Act"), 42 U.S.C. §§ 416(I), 423, 1382(c). The Commissioner moved to dismiss Fier's complaint on the ground that it is time-barred. The Agency cited to the Administrative Record in support of its motion to dismiss and Fier submitted an affidavit outside the pleadings in opposing the motion. Because the court considered them in connection with this motion, the court analyzed the motion as one for summary judgment. *See* Fed. R. Civ. P. 12(d). For the following reasons, the Commissioner's motion is granted.

**Background**

Fier filed applications for disability benefits and supplemental security income on August 15, 2009, claiming disability due to fibromyalgia, a blood disorder, and pain in her stomach. (Administrative Record ("A.R.") at 211-213, 216-222, 242-249.) Her applications

were denied initially and on reconsideration. (Id. at 92, 104-11.) On January 28, 2011, after an administrative hearing, an administrative law judge ("ALJ") found that Fier has several severe impairments—degenerative disease of the lumbar and cervical spines, arthritis of the left knee, fibromyalgia syndrome, a history of granulomatous vasculitis, a history of migraine headaches, and major depression—but retained the ability to perform sedentary work with certain limitations. (Id. at 13-19.) Concluding that Fier is capable of performing many jobs in the national economy, the ALJ concluded that she is not disabled and denied her claim. (Id. at 10-19.) In a letter dated September 30, 2011, the Appeals Council informed Fier that it had denied her request for review of the ALJ's decision. (Id. at 1-3.) That letter, which was entitled "Notice of Appeals Council Action," instructed Fier that she had 60 days to file a civil action for judicial review. (Id. at 1-3.) The letter stated:

- You have 60 days to file a civil action (ask for court review).

- The 60 days start the day after you receive this letter. We assume you received this letter 5 days after the date on it unless you show us that you did not receive it within the 5-day period.

If you cannot file for court review within 60 days, you may ask the Appeals Council to extend your time to file.

(Id. at 2.) Fier does not recall when she received the Notice of Appeals Council Action letter. (R. 19, Pl.'s Resp., Ex. A ¶ 3.) Around the time the letter was mailed, her family temporarily lost access to the Food Stamps program due to an administrative error, resulting in a severe budget crisis that made her housing unaffordable. (Id. at ¶¶ 5, 6.) She devoted much of October 2011 to locating a new home for her family and to moving. (Id. at ¶ 7.) On

December 7, 2011, Fier visited the Social Security Administration's ("SSA") office in Waukegan, Illinois, to gather information about how to appeal the ALJ's decision. (Id. at ¶ 11.) An SSA employee told Fier that the time to file her complaint for judicial review would run out at the end of the day, so she hurried to the courthouse to meet that deadline.[1] (Id. at ¶ 14.) She did not ask the Appeals Council to extend her time to file. Fier filed a complaint for judicial review of the ALJ's decision on December 7, 2011. The parties have consented to the jurisdiction of this court. *See* 28 U.S.C. § 636(c).

## Analysis

Summary judgment is appropriate when the record establishes that there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett,* 477 U.S. 317, 322 (1986). In deciding whether genuine issues of material fact exist, the court must "review the record in the light most favorable to the nonmoving party and . . . draw all reasonable inferences in that party's favor." *Vanasco v. National–Louis Univ.,* 137 F.3d 962, 965 (7th Cir.1998).

Section 405(g) provides a 60-day statute of limitations for civil actions to review a final decision of the Commissioner. *See* 42 U.S.C. § 405(g) ("Any individual, after any final decision of the Commissioner . . . to which he was a party . . . may obtain a review of such decision by a civil action commenced within sixty days after the mailing to him of notice of

---

[1] In its reply brief, the government did not either admit or dispute this allegation. (R. 20.) For purposes of this ruling, the court accepts Fier's allegation of this misinformation as true.

such decision or within such further time as the Commissioner . . . may allow."). The Commissioner's regulations provide that claimants must institute civil actions "within 60 days after the Appeals Council's notice of denial of request for review . . . is received," and further state that "the date of receipt of notice of denial of request for review . . . shall be presumed to be 5 days after the date of such notice, unless there is a reasonable showing to the contrary." 20 C.F.R. § 422.210(c).

The Commissioner's Notice of Appeal Council Action to Fier is dated September 30, 2011. (A.R. 11.) The regulations presume that she received it five days later on October 5, 2011. *See* 20 C.F.R. § 422.210(c). Under Section 405(g), Fier had 60 days from October 5, 2011, to file her complaint, resulting in a December 5, 2011 due date because December 4, 2011, was a Sunday. By the time she visited the SSA office on December 7, 2011, to ask how to appeal the denial of her benefits, she had already missed the filing deadline by two days. The Commissioner argues that her complaint, which she filed on December 7, 2011, must be dismissed because it is untimely.

Fier concedes that she filed her complaint two days late. She argues, however, that this court should equitably toll the statute of limitations because the equities are overwhelmingly in her favor. As Fier points out, the Supreme Court found that "the 60-day requirement is not jurisdictional, but rather constitutes a period of limitations," and that "application of a traditional equitable tolling principle to the 60-day requirement of § 405(g) is fully consistent with the overall congressional purpose and is nowhere eschewed by

4

Congress." *Bowen v. City of New York,* 476 U.S. 467, 478, 480 (1986) (internal quotation marks and citations omitted).

Generally, a litigant is entitled to equitable tolling only if she demonstrates that "'(1) that [s]he has been pursuing [her] rights diligently, and (2) that some extraordinary circumstance stood in [her] way' and prevented timely filing." *Holland v. Florida*, 130 S. Ct. 2549, 2562 (2010) (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)). Fier argues that the SSA's misinformation regarding the judicial review process frustrated her efforts to diligently pursue her interests and also suggests that the misinformation was an extraordinary circumstance that stood in her way. (R. 19, Pl.'s Resp. at 8.) Had she not been misinformed by the SSA employee, she suggests that she might not have missed the opportunity to have requested an extension from the Appeals Council to file a civil action. Indeed, 20 C.F.R. § 404.982 allows a claimant to request an extension of time to file after the statute of limitations under § 405(g) has elapsed. *See* 20 C.F.R. § 404.982 (A "request must be in writing and it must give the reasons why the action was not filed in the stated time period. . . . If you show that you had good cause for missing the deadline, the time period will be extended."). She analogizes her reliance on the SSA employee's bad advice to *Bolden v. Chater*, No. 94 C 7675, 1996 WL 3741222, at *2 (N.D. Ill. June 28, 1996), wherein an SSA employee misled a claimant during the statutory period, causing him to miss the filing deadline, to *Carroll v. Astrue*, No. 3:09-cv-00515-PPS-CAN, 2010 WL 2133866, at *3 (N.D. Ind. May 24, 2010), wherein a claimant requested an extension from an SSA official during

5

the statutory period but the Appeals Council did not acknowledge that request, and to *Krontz v. Astrue,* No. 1:07-CV-303-TS, 2008 WL 2518624, at *3 (N.D. Ind. June 20, 2008), wherein the Appeals Council's letter granting an extension of time to file was never received by the claimant, but he filed for judicial review within 30 days of learning of the extension. In *Bolden* and *Chater*, the courts equitably tolled the statutes of limitation because the SSA had misled the claimants *during* the statutory period, causing them to miss the filing deadline. *Krontz* similarly shows that if the SSA fails to properly notify a claimant of an approaching filing deadline, the claimant cannot be held to that deadline.

None of these cases suggest that equitable tolling applies when an SSA employee provides misleading information about filing deadlines *after* the deadline has passed, as was the case here. That the SSA employee misinformed Fier may well be an extraordinary circumstance as it was in *Bolden* and *Chater*, but it befell Fier after the statute of limitations had already elapsed and thus could not have impacted her failure to timely file. *See Holland*, 130 S. Ct. at 2549 (extraordinary circumstance must prevent timely filing); *see also United States v. Marcello*, 212 F.3d 1005, 1010 (7th Cir. 2010). It is therefore not a basis for equitable tolling.

Fier advances a secondary theory in support of tolling. She suggests that had she requested more time from the Appeals Council on December 7, 2011, and had been denied, this court would be empowered to set aside the Appeals Council's denial and grant equitable tolling to Fier. She suggests that this court should do so now. Fier cites to *Bowen* for the

6

proposition that "[w]hile in most cases the Secretary will make the determination whether it is proper to extend the period within which review must be sought, cases may arise where the equities in favor of tolling the limitations period are so great that deference to the agency's judgment is inappropriate." *Bowen*, 476 U.S. at 480 (internal quotation marks omitted). She argues that her compromised circumstances—her chronic pain, the side-effects of her medications, the financial crisis she suffered during the limitations period due to the erroneous cessation of food stamps, her need to find affordable housing for her family and transition them into the new home—would have supported her request to the Appeals Council for additional time. These are, in fact, the types of circumstances considered by the Appeals Council when weighing requests for extensions of time to file for judicial review. *See* 20 C.F.R. § 404.911(a) (listing the factors considered by the Appeals Council in determining whether a claimant has shown good cause for missing a deadline to request review). But this court cannot sidestep the Appeals Council and make this determination before the Council has had the opportunity to do so. *Bowen* contemplates that the district court will review the Appeals Council's determination before deciding whether the equities require that it be set aside, *see* 476 U.S. at 480, but here, there is no determination to set aside.

The 60-day statute of limitations "must be strictly construed." *Id*. at 479. It "is a mechanism by which Congress was able to move cases to speedy resolution in a bureaucracy that processes millions of claims annually." *Id*. at 481. This court regrets what must feel like

7

a bureaucratic result to Fier, but she has not advanced any permissible basis for this court to extend the limitations period. *See Marcello*, 212 F.3d at 1010 ("Foreclosing litigants from bringing their claim because they missed the filing deadline by [even] one day may seem harsh, but courts have to draw lines somewhere, statutes of limitations protect important societal interests . . . the threshold necessary to trigger equitable tolling is very high."). She is not without a remedy, however. Fier should request that the Appeals Council extend her time to file a civil action for judicial review pursuant to 20 C.F.R. § 404.982.

## Conclusion

For the foregoing reasons, the Commissioner's motion to dismiss, treated and analyzed as a motion for summary judgment pursuant to Federal Rule of Civil Procedure 12(d), is granted.

**ENTER:**

_____
Young B. Kim
United States Magistrate Judge